*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 24-BG-0466

FILED 06/13/2024
District of Columbia
Court of Appeals
*Julio A. Castillo*
Julio Castillo
Clerk of Court

IN RE JOHN P. MAHONEY, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 442839)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline
(BDN: 23-ND-005; DDNs: 2021-D054, 2021-D059,
2021-D172, 2022-D209, 2023-D089)

(Decided: June 13, 2024)

Before BECKWITH and DEAHL, *Associate Judges*, and RUIZ, *Senior Judge*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1(d) regarding the appropriate citation of this opinion.

In this disciplinary matter, the Hearing Committee recommends approval of a petition for negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1(c). Respondent John P. Mahoney voluntarily acknowledged that in six client matters he failed to both take reasonable steps to ensure that two subordinate attorneys

complied with their ethical duties to clients and take reasonable remedial action to avoid or mitigate the consequences of the subordinates' conduct of which he knew or reasonably should have known; in four of the six matters, respondent personally failed to respond to reasonable requests for information from the clients (and one of those matters involved a proceeding pending before a Maryland tribunal); and in three of the six matters, respondent personally failed to protect the clients' interests as the representation was ending. As a result, respondent admits that he violated D.C. R. Pro. Conduct 1.4(a), 1.16(d), 5.1(b), and 5.1(c)(2), and Md. R. 19-301.4(a)(3). The proposed discipline consists of a sixty-day suspension, stayed as to all but thirty days, followed by one year of probation with conditions.

Having reviewed the Committee's recommendation in accordance with our procedures in uncontested disciplinary cases, *see* D.C. Bar R. XI, § 12.1(d), we agree that this case is appropriate for negotiated discipline and that "the agreed-upon sanction is 'justified,'" *In re Mensah*, 262 A.3d 1100, 1104 (D.C. 2021) (per curiam) (quoting D.C. Bar R. XI, § 12.1(c)(3)), in light of reasonably analogous precedents. *See, e.g.*, *In re Dickens*, 174 A.3d 283 (D.C. 2017) (original discipline); *In re Robinson*, 74 A.3d 688 (D.C. 2013) (original discipline); *In re Beattie*, 956 A.2d 84 (D.C. 2008) (per curiam) (reciprocal discipline); *In re Hines*, 867 A.2d 863 (D.C. 2005) (per curiam) (reciprocal discipline); *In re Morrison*, 851 A.2d 430 (D.C. 2004)

(per curiam) (reciprocal discipline); *In re Cohen*, 847 A.2d 1162 (D.C. 2004) (original discipline); *In re Roxborough*, 675 A.2d 950 (D.C. 1996) (per curiam) (original discipline); *see also In re Tun*, 286 A.3d 538, 543 (D.C. 2022) (explaining that even when "evaluating misconduct under the rules of another jurisdiction, we make sanctions determinations pursuant to District of Columbia law"). Accordingly, it is

ORDERED that respondent John P. Mahoney is hereby suspended from the practice of law in the District of Columbia for sixty days, stayed as to all but thirty days, followed by one year of probation with the following conditions:

(i)     Respondent must take the two-day "Basic Training and Beyond" course offered by the District of Columbia Bar and must take an additional three hours of pre-approved continuing legal education courses that are related to attorney ethics. Within six months of the date of this opinion, respondent must certify and provide documenting proof to the Office of the Disciplinary Counsel that he has met these two requirements.

(ii)    During the period of probation, respondent shall not be the subject of a disciplinary complaint that results in a finding that he violated the disciplinary rules of any jurisdiction in which he is admitted or licensed to practice.

(iii)   Within thirty days of the date of this opinion, respondent must meet with Dan Mills, Esquire, the Manager of the Practice Management Advisory Service ("PMAS") of the District of Columbia Bar (or his successor or designee) in person or virtually. At that meeting, respondent must execute a waiver allowing PMAS to communicate directly with the Office of Disciplinary Counsel regarding his compliance. When respondent meets with PMAS virtually or in person he will make any and all records relating to his practice available for its review. Respondent shall ask PMAS to conduct a full assessment of his business structure and his practice, including but not limited to all law firm processes and procedures, financial records, client files, engagement letters, supervision and training of staff, and responsiveness to clients. Respondent shall adopt all recommendations and implement them in the law firm and his general practice of law. During his probation, respondent shall consult regularly with PMAS on the schedule it establishes. Respondent must be in full compliance with PMAS's requirements for a period of twelve consecutive months, and it is respondent's sole responsibility to demonstrate compliance. Respondent must sign an acknowledgement under penalty of perjury affirming that he is in compliance with PMAS's requirements and file

the signed acknowledgement with the Office of Disciplinary Counsel. This must be accomplished no later than seven business days after the end of his period of probation.

(iv)  Respondent's D.C. Bar R. XI, § 14(g) notification to all existing firm clients about his suspension shall also include notice that, after his thirty-day suspension, he will be on probation for one year.

(v)  If the Office of Disciplinary Counsel has probable cause to believe that respondent has violated the terms of his probation, it may seek to revoke his probation pursuant to D.C. Bar R. XI, § 3 and Bd. Pro. Resp. R. 18.3 and request that he be required to serve the remaining thirty days of suspension.

This sanction will not take effect, i.e. the unstayed 30-day portion of respondent's suspension will not begin, until thirty days after the date of this opinion. *See* D.C. Bar R. XI, § 14(f). Additionally, we direct respondent's attention to D.C. Bar R. XI, § 14(g), which requires the filing of an affidavit with this court for purposes of reinstatement in accordance with D.C. Bar R. XI, § 16, and Bd. Pro. Resp. R. 9.

A true Copy
Test:

Julio Castillo
Clerk of the District of Columbia Court
of Appeals

BY
DEPUTY CLERK
Julio Castillo
Clerk of the District of Columbia
Court of Appeals

*So ordered.*

AFTER 5 DAYS RETURN TO

District of Columbia Court of Appeals

430 E. STREET, N.W.
WASHINGTON, D.C. 20001

OFFICIAL BUSINESS
PENALTY FOR MISUSE

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

JUL 31 2024
RECEIVED

20001-286699

CAPITAL DISTRICT 208

29 JUL 2024 PM 5TH

Selena Gancasz
U.S. Court of Appeals
for the D.C. Circuit
Office of the Clerk
333 Constitution Avenue, NW
Room 5523
Washington, DC 20001

quadient
FIRST-CLASS MAIL
IMI
$000.69 º
07/29/2024 ZIP 20001
043M31247317

US POSTAGE